UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10760-GAO

BRANDON ROBERTS and DANIEL DEBURGO,
Plaintiffs,

v.

PETER ST. AMAND and THOMAS N. NEVILLE,
Defendants.

OPINION AND ORDER
February 20, 2014

O'TOOLE, D.J.

This action arises from the defendants' decision in 2008 to transfer the plaintiffs, inmates Brandon Roberts and Daniel Deburgo, from MCI-Cedar Junction in Walpole, Massachusetts, to the North Branch Correctional Institution ("NBCI") in Maryland. The plaintiffs allege that Peter St. Amand, then Superintendent of MCI-Cedar Junction, and Thomas N. Neville, then and now Deputy Director of the Department of Correction's Classification Division, "maliciously and intentionally recommended, authorized and approved" the plaintiffs' transfer to the "Ultra Max high security facility" without providing any justification. (Am. Compl. at ¶¶ 15-17 (dkt. no. 21).) Such conduct, the plaintiffs allege, violated their rights under the Fourteenth and Eighth Amendments of the Constitution, and gives rise to claims under 42 U.S.C. § 1983. St. Amand has not been served with process, and thus is not an active party in the case. Neville moves to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.**     **Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

**II.**     **Discussion**

The plaintiffs assert that the defendants violated their Fourteenth and Eighth Amendment rights by: (1) failing to provide them with a hearing and an opportunity to challenge the transfer to Maryland; (2) subjecting them to "atypical and significant conditions" of confinement; (3) "maliciously and intentionally" designating them as members of a security threat group ("STG") so as to facilitate their placement in an "Ultra-Max" facility; and (4) failing to provide evidence for their placement in an "Ultra-Max" facility.

The plaintiffs allege that NBCI is a "sever[e]ly restricted" "Ultra Max high security facility" where they are "subjected to limited and control[l]ed movement to and from hospitals, visits, library[,] recreation[,] etc[.]" (Am. Compl. at ¶¶ 17, 18.) They are locked in double-bunked cells for 22 hours a day. (Id. at ¶ 21.) They have one hour of outdoor recreation – which is "isolated" in the sense that the prison's general population is not present – "controlled 10 minute showers, controlled and restricted indoor rec," "sever[e]ly limited law library access,"

"unauthorized and unreasonable VBC [visual body cavity] searches in the presence of surveillance cameras," "sever[e] and unlawful disciplinary sanctions for minor offenses," and "unlawful handcuffing while on visits behind glass." (Id. at ¶¶ 19-20, 22-25.)

A.      Fourteenth Amendment Claims

To state a viable Fourteenth Amendment claim, the plaintiffs must establish that the defendants deprived them of a constitutionally protected legal interest and that such deprivation was not accompanied by satisfactory procedures. See Wilkinson v. Austin, 545 U.S. 209, 221, 224 (2005).

The Due Process Clause does not give rise to a liberty interest in avoiding a transfer from a lower-security facility to a higher-security facility because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." Id., 545 U.S. at 221-22 (quoting Meachum v. Fano, 427 U.S. 215, 255 (1976)). Nor does an out-of-state transfer trigger a protected liberty interest. Olim v. Wakinekona, 461 U.S. 238, 247 (1983); accord Smith v. Mass. Dep't of Corr., 936 F.2d 1390, 1396 (1st Cir. 1991) ("[T]he Due Process Clause does not prohibit intrastate prison transfers absent prior notice to the inmate and a pretransfer hearing."). A liberty interest does arise, however, where the placement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Wilkinson, 545 U.S. at 223 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

In Wilkinson, the Supreme Court held that inmates had a liberty interest in avoiding assignment to Ohio's "supermax" prison, where "almost all human contact is prohibited, even to the point that conversation is not permitted from cell to cell." 545 U.S. at 223-24. Not only that,

3

but placement at the supermax facility at issue was indefinite and reviewed only annually, and inmates otherwise eligible for parole were disqualified while incarcerated there. Id. at 224.

In this case, despite the plaintiffs' characterization of NBCI as an "Ultra-Max" facility, the plaintiffs are not subjected to solitary confinement or extreme isolation. Cf. Wilkinson, 545 U.S. at 214; Tyree v. Weld, 2010 WL 145882, at *12 (D. Mass. 2010) (finding liberty interest where, inter alia, inmates had four hours each week of interaction with other inmates). On the contrary, the plaintiffs allege that they spend most, if not all, of their time with at least one other inmate. The plaintiffs' threadbare allegations do not enable the Court to draw a reasonable inference that their confinement "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life" and thus gives rise to a protected liberty interest. Wilkinson, 545 U.S. at 223. As the plaintiffs have not adequately pled that their assignment to a facility in Maryland, and NBCI in particular, deprived them of a protected liberty interest, their claims arising under the Fourteenth Amendment must be dismissed.

B.     Eighth Amendment Claim

The plaintiffs contend that their conditions of confinement at NBCI violate the Eighth Amendment, which protects inmates from cruel and unusual punishment. However, none of the factual allegations give rise to a reasonable inference that the plaintiffs have been denied "the minimal civilized measure of life's necessities" nor that they are "incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). The plaintiffs also fail to make any allegations as to the defendants' "deliberate indifference to inmate health or safety," which is necessary to state a viable claim of cruel and unusual punishment under the Eighth Amendment. Id. (collecting cases).

**III.**    **Conclusion**

For these reasons, defendant Neville's Motion (dkt. no. 32) to Dismiss is GRANTED.

As noted above, St. Amand was never served. It is apparent that, were he to be served,

the claims against him would be futile for the same reasons that they fail against Neville. The

complaint should therefore be dismissed as to both defendants, notwithstanding the failure to

serve St. Amand.

The Amended Complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

5